# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

J&J SPORTS PRODUCTIONS, INC.,

    Plaintiff,                                                Case No. 11-C-500

    v.

GMR ENTERTAINMENT LLC,
d/b/a LA FRONTERA,

    Defendant.

## ORDER

On March 9, 2012, Attorney Michael J. Masnica, counsel for the defendant, filed a motion to withdraw as counsel. The motion to withdraw is based upon the failure of the defendant, GMR Entertainment, and/or that of its managing partner, Guadalupe Ramirez to "maintain communication with counsel, including failing to return phone calls and failing to respond to written correspondence." (Motion to Withdraw as Attorney at 2). Counsel also states that the defendant has failed to pay the fees for the legal services rendered in this matter.

The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the district court. Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). A client's failure to cooperate with counsel or pay attorney's fees are valid reasons for granting such a motion. McGuire v. Wilson, 735 F.Supp. 83, 84 (S.D. N.Y.1990); Statue of Liberty-Ellis Island Foundation, Inc. v. Int'l United Indus., Inc., 110 F.R.D. 395, 397 (S.D. N.Y.1986).

This court is sympathetic to the problems which prompted counsel for the defendant to file this motion to withdraw in this case. Counsel has clearly established good cause for the motion. The court would, therefore, grant the motion to withdraw without hesitation if the client was not a corporation. "A 'corporation' is an abstraction, and abstractions cannot appear pro se. The corporation is just a convenient name for a complex web of contracts among managers, workers, and suppliers of equity and debt capital. [The president and stockholder of defendant corporation] may [be] the sole equity investor in [the corporation], but he d[oes] not represent other interests such as those of creditors." Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir.1985). " A corporation must appear by counsel or not at all." Id. When a corporation's counsel withdraws during the course of a case, courts "give [the corporation] a reasonable opportunity to find a new one, and, if it fails, either dismiss the case, or enter a default judgment." United States v. Hagerman, 549 F.3d at 538 (internal citations omitted).

From the motion to withdraw, it is unclear whether counsel has advised his client of the necessity that a corporation be represented by counsel in federal court. Counsel should so advise the defendant. The defendant should also be advised that when counsel's motion to withdraw is granted, the defendant will be required to obtain new counsel. If the defendant fails to obtain new counsel, the court could dismiss the case or enter default judgment.

Therefore, counsel should advise his client of these matters and report to the court in writing regarding the provision of such advice on or before **March 30, 2012**. The court will hold counsel's motion to withdraw in abeyance until counsel reports to the court regarding his compliance with these directives.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that counsel's motion to withdraw as counsel for the defendant in this matter be and hereby is held in **abeyance**.

**IT IS FURTHER ORDERED** that counsel shall report to the court regarding his compliance with this order on or before **March 30, 2012**.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2012.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge